UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZYVIE BEILARUS1 and ANDRIY BEILARUS1,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>    Defendants. | CASE NO. 2:24-cv-01925-MJP<br><br>ORDER REGARDING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AND MOTION TO SEAL |

This matter comes before the Court on Plaintiffs' Motion for Protective Order for Administrative Leave to Proceed Under Pseudonym, (Dkt. No. 2,) and Plaintiffs' Motion to Seal, (Dkt. No. 4.) Having reviewed the Motions and all supporting documents, the Court GRANTS both Motions.

**BACKGROUND**

Plaintiffs, a married couple comprised of a Belarus national and a Ukraine national, filed for asylum and withholding of removal in 2016 and 2017. (Compl. ¶ 47.) They filed the present

lawsuit following an eight-year delay in adjudicating their applications. (Id.) Plaintiffs generally allege that they and their families face potential imprisonment and death due to Plaintiffs' opposition to Belarus's President Alexander Lukashenka. (See generally Dkt. No. 2-1) Plaintiffs now bring the present motions to proceed "proceed with a name-only complaint and pseudonym name Zyvie Bielarus1 and Andriy Bielarus1 on the [Court's] docket page." (Dkt. No. 2 at 10.) Separately, Plaintiffs move to seal certain initial case documents which containing their non-pseudonym identities. (Dkt. No. 4.)

## ANALYSIS

**A.     Motion to Proceed Under Pseudonym**

A party may proceed under a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quotations omitted). Specifically, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Id. Where "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." Id. (internal citations omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." Id. "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. (internal citations omitted). Therefore, "where the

plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, and to issue protective orders limiting disclosure of the party's name, to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." Id. at 1069–70.

The Court concludes that Plaintiffs' need for anonymity outweighs any prejudice to Defendants and the public's interest in knowing Plaintiffs' identities. See Advanced Textile Corp., 214 F.3d at 1068. Plaintiffs have presented evidence regarding the harm they fear from the disclosure of their names, the severity of that harm, and their particular vulnerability to that harm. The Court declines to recount the particulars of this evidence here, as it has been filed under seal and only made available to Defendant's counsel. See id. at 1064 n.7. The Court further finds that Defendant will not be prejudiced if Plaintiffs are allowed to proceed under a pseudonym because Plaintiff has already shared their identities with Defendant in the sealed complaint. The Court concludes that the Plaintiffs' need for anonymity outweighs Defendant's interest in using their full names in this proceeding.

The Court also finds that the public interest weights in favor of anonymity. This case turns on (1) the agency's delay in adjudicating Plaintiffs' asylum and withholding of removal applications; and (2) the agency's allocation of certain asylum fees and resources within the broader asylum scheme. (See Complaint ¶¶ 74, 76). Disguising Plaintiffs' identities will not obstruct public scrutiny of the important issues in this case. See Advanced Textile, 214 F.3d at 1072; see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008) (considering "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"). Therefore, confidentiality is justified to ensure resolution of Plaintiffs' claim without subjecting themselves or their families

to any harm. The Court may revisit the issue at a later stage of the proceedings if Defendants so move. See G.M.T. v. Mayorkas, No. C24-0344-JLR, 2024 WL 1859857, at *2 (W.D. Wash. Apr. 29, 2024).

**B.    Protective Order**

Federal Rule of Civil Procedure 5.2(e) provides that a court may require redaction of private information from court filings "for good cause." To show "good cause," the party seeking redaction must show that "specific harm or prejudice will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 424 (9th Cir. 2011). For the same reasons discussed in the preceding section, the Court concludes that Plaintiffs have shown good cause for requiring confidentiality. See NML Capital Ltd. v. Republic of Argentina, No. 2:14-CV-492-RFB-VCF, 2015 WL 727924, at *3–4 (D. Nev. Feb. 19, 2015) (finding good cause to redact information regarding immigration status). Therefore, the Court GRANTS Plaintiffs' motion for a protective order. The Parties shall refer to Plaintiffs by pseudonyms "Zyvie Bielarus1" and "Andriy Bielarus1" in all filings and public proceedings. The case caption and names on the docket page, which already reflect the pseudonyms, shall remain as they currently appear.

**C.    Motion to Seal Non-Pseudonym Versions of Initial Case Documents**

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, its starts with "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption, however, "is not absolute and can be

overridden given sufficiently compelling reasons for doing so." Id. When the documents are only tangentially related to the merits, however, the party seeking to seal the records need only show "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1097–1101 (9th Cir. 2016). For the same reasons discussed above, the Court determines that Plaintiffs have shown good cause to seal the initial case documents.

## CONCLUSION

Having found good cause to do so, the court hereby ORDERS that the Parties shall refer to Plaintiffs by pseudonyms "Zyvie Bielarus1" and "Andriy Bielarus1" in all filings and public proceedings. The case caption and names on the docket page, which already reflect the pseudonyms, shall remain as they currently appear. It is FURTHER ORDERED that Dkt. Nos. 3 and 4, including all attachments, shall remain under seal.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 15, 2025.

Marsha J. Pechman
United States Senior District Judge

ORDER REGARDING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AND MOTION TO SEAL - 5